UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Morice Jordan, # 300147,<br><br>Plaintiff,<br><br>vs.<br><br>Warden Levern Cohen; Lt. John Wiggins, Jr.; Major Gary Eichenberg; Lt. Monique M. Capers; Col. Shawnte A. Hooks; and Sgt. Edward E. Mole,<br><br>Defendants. | Civil Action No. 6:13-2247-BHH<br><br>**ORDER AND OPINION** |

Plaintiff Kenneth Morice Jordan ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages for deliberate indifference. (Amended Complaint, ECF No. 63.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The matter is now before this Court for review of the two Report and Recommendations ("First Report" and "Second Report") issued by the Magistrate Judge on December 3, 2013 (ECF No. 38) and September 12, 2014, (ECF No. 116.) respectively.

In the First Report, the Magistrate Judge recommends that the plaintiff's motion for default judgment (ECF No. 26) be denied because the defendants timely filed their answer, although they mistakenly mailed the answer to the plaintiff's attention at Ridgeland Correctional Institution instead of Allendale Correctional Institution. (ECF No. 38.) Plaintiff timely filed Objections to the First Report. (ECF No. 43.)

In the Second Report, the Magistrate Judge recommends that the defendants' motion for summary judgment (ECF No. 82) be granted as to all defendants except for Cpl. Hooks, that summary judgment be denied as to Cpl. Hooks, and that the case be stayed under the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 501 because Cpl. Hooks is in the Air Force Reserve and deployed overseas. (ECF No. 116.) The Second Report also recommends that the plaintiff's motion to compel or to sanction the defendants (ECF No. 100) be denied. Objections to the Second Report were due by September 29, 2014. Plaintiff filed no Objections to the Second Report.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

**First Report**

The plaintiff filed objections to the First Report on December 16, 2015. (ECF No. 43.) After a careful review of the plaintiff's objections, it is fair to say that the plaintiff does not make any specific objections to the First Report. Rather, the plaintiff's response to the First Report merely rehashes in more detail the same allegations raised in his motion for default judgment.

Out of an abundance of caution, the Court has carefully reviewed Plaintiff's objections and has made a *de novo* review of the entire First Report and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Upon review, the Court finds the plaintiff's objections have no merit and are hereby overruled.

**Second Report**

Plaintiff was advised of his right to file objections to the Second Report. (ECF No. 116 at 17.) However, Plaintiff filed no objections and the time for doing so expired on September 29, 2014. In the absence of objections to the Magistrate Judge's Second Report, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note).

## **CONCLUSION**

3

After a careful review of the record, the applicable law, the Reports of the Magistrate Judge, and the plaintiff's objections to the First Report, the Court finds no clear error. Accordingly, the Court **ACCEPTS** and incorporates both the First and Second Reports, (ECF Nos. 38 and 116), by reference in this Order. It is therefore

**ORDERED** that the plaintiff's motion for default judgment (ECF No. 26) is **DENIED**; and, it is further

**ORDERED** that the defendants' motion for summary judgment (ECF No. 82) is **GRANTED** as to the defendants Warden Levern Cohen, Lt. John Wiggins, Jr., Major Gary Eichenberg, Lt. Monique M. Capers and Sgt. Edward E. Mole, and **DENIED** as to Cpl. Shawnte A. Hooks; and, it is further

**ORDERED** that the plaintiff's motion to compel or sanction defendants (ECF No. 100) is **DENIED**. The plaintiff's motion to appoint counsel (ECF No. 119) is also **DENIED** for the reasons set forth in Judge McDonald's Order (ECF No. 58) dated January 7, 2014.

This case is hereby stayed under the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 501. Counsel for the defendant are required to update the Court of Cpl. Hooks deployment status every sixty days. This matter is returned to the Magistrate Judge for further pretrial proceedings.

/s/Bruce Howe Hendricks
United States District Judge

October 16, 2014
Greenville, South Carolina