UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Morice Jordan, # 300147,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>Cpt Shawntele Hooks, *also known as* Shawnte A. Hooks, Warden Levern Cohen; Lt. John Wiggins, Jr.; Major Gary Eichenberg; Lt. Monique Capers; Sgt. Edward E. Mole<br><br>　　　　　　　Defendants. | Civil Action No.: 6:13-cv-2247-BHH<br><br>**Opinion and Order** |

　　This matter is before the Court upon the Report and Recommendation (ECF No. 155) ("Report") of Magistrate Judge Kevin F. McDonald recommending that the Court grant the motion for summary judgment of the lone remaining defendant, Shawntele Hooks ("Hooks"). For the reasons set forth below, the Court adopts portions of the Report, but declines to adopt it in full.

## BACKGROUND

　　The plaintiff, Kenneth Morice Jordan, proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages for, *inter alia*, deliberate indifference. (Amended Complaint, ECF No. 63.) The plaintiff alleges that Hooks, a former prison guard at Ridgeland Correctional Institution ("Ridgeland"), repeatedly told other prisoners that the plaintiff was a snitch. The plaintiff alleges that he was subsequently attacked three times as a result of having been pegged as an informant by a prison guard.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.  On the recommendation of Magistrate Judge McDonald, the Court previously granted summary judgment for all defendants, with the exception of Hooks, a member of the Air Force Reserve, who was alleged to have been deployed overseas.  The action was stayed with regard to Hooks pursuant to the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 501, et seq..  (*See* ECF No. 120.)  The Magistrate Judge lifted the stay on December 19, 2014, and Hooks filed a motion for summary judgment on January 30, 2015.  (*See* ECF No. 133.)  The Magistrate Judge issued the Report on March 24, 2015, recommending that the Court grant summary judgment.  The plaintiff filed objections (ECF No. 159) on April 9, 2015, and the defendant filed a reply to the objections (ECF No. 161) on April 27, 2015.  The Report thoroughly sets forth the relevant facts, and the Court accepts them except where indicated otherwise.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court, and the recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The court need not conduct a *de*

*novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Summary Judgment**

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## DISCUSSION

### Failure to Protect

The Magistrate Judge recommends that the Court grant summary judgment on the plaintiff's failure to protect claims because the plaintiff has not submitted evidence sufficient to show that Hooks could have anticipated the three attacks that the plaintiff allegedly suffered as a result of being outed as a snitch. First, the Magistrate Judge found that the plaintiff was "out of place" during the alleged attack on November 20, 2012. Second, he noted that the testimony from the record indicated that Hooks exposed the plaintiff as a snitch on November 22, two days after the attack, calling into question the plaintiff's theory that the two events were causally linked.[1] Third, the Magistrate Judge found that the plaintiff failed to submit evidence sufficient to connect the allegations against Hooks to an attack the plaintiff allegedly suffered at the hands of a gang member, while awaiting transfer from Ridgeland to Evans Correctional Institution ("Evans") in January 2013. The Magistrate Judge noted that the plaintiff never asked to be separated from his alleged attacker and never reported the attack to prison officials. Finally, concerning the alleged attack at Evans, the Magistrate Judge found no evidence that Hooks had any control over the plaintiff's placement or security

---

[1] The plaintiff claims that Hooks was spreading the word he was a snitch prior to November 20, but the evidence from the record is ambiguous at best. (*See* ECF Nos. 104-2, 144-1 and 144-2.)

4

at Evans and no evidence that the plaintiff had notified officials at Evans that he was concerned for his safety. (ECF No. 115 at 9-10.)

The plaintiff objects to these findings on factual grounds, alleging that the Magistrate has overlooked evidence in the record or failed to draw appropriate inferences from the evidence. The Court finds the Magistrate Judge's factual analysis reasonable and the objections unpersuasive, but ultimately declines to adopt the Report because it is not convinced that the plaintiff must prove a causal link between exposure as an informant and the attacks in order to survive a motion for summary judgment. Proximate cause is certainly relevant to what, if any, damages the plaintiff may recover, and the relief available may be very limited for precisely the reasons stated by the Magistrate Judge.[2] However, as will be explained, it does not appear that an inmate alleging that prison officials have exposed him as a snitch must actually be attacked or prove that an attack he suffered is connected to the exposure before he can establish a constitutional violation.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotation marks and citation omitted). A prisoner who alleges deliberate indifference under the Eighth Amendment arising from a failure to protect must satisfy two requirements, an objective

---

[2] The Magistrate Judge correctly points out that, because Hooks no longer works for SCDC, the plaintiff cannot obtain meaningful injunctive relief. Additionally, the Magistrate concluded that the plaintiff would not be entitled to relief for injury that is non-physical. (*See* ECF No. 155 at 13.) The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) bars recovery on claims for mental or emotional injuries where the plaintiff has not demonstrated more than *de minimis* physical injury. However, "nominal and punitive damages may be available without a physical injury under § 1983." *Smith v. James*, 8:13-CV-1270-RMG, 2014 WL 2809609, at *8 (D.S.C. June 20, 2014) (citing *Calhoun v. DeTella*, 319 F.3d 936 (7th Cir. 2003) and *Allah v. Al–Hafeez*, 226 F.3d 247 (3d Cir. 2000)).

component and a subjective component. "First, the deprivation alleged must be, objectively, sufficiently serious," (objective component) and second, "the prison official must have a sufficiently culpable state of mind" (subjective component). *Id.* at 834 (quotation marks and citation omitted). To satisfy the objective component, a prisoner must establish an "extreme deprivation," *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003), which requires the prisoner to "allege a serious or significant physical or emotional injury resulting from the challenged conditions *or demonstrate a substantial risk* of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Odom v. S. Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (emphasis added). To establish the subjective component, a prisoner must show that the prison official acted with "deliberate indifference," which entails "something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 834-35. Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or *risk of harm*." *De'Lonta*, 330 F.3d at 634 (emphasis added).

As the Fourth Circuit has observed, "[i]t is impossible to minimize the possible consequences to a prisoner of being labelled a 'snitch.'" *Miller v. Leathers*, 913 F.2d 1085, 1088 n.1 (4th Cir. 1990)). A review of analogous cases reveals that an inmate states a cognizable claim under the Eighth Amendment when he alleges or shows that a prison official has identified him as a snitch to other prisoners. *See, e.g. Irving v. Dormire*, 519 F.3d 441, 451 (8th Cir. 2008); *Benefield v. McDowall,* 241 F.3d 1267

(10th Cir. 2001); *Valandingham v. Bojorquez,* 866 F.2d 1135, 1138–39 (9th Cir. 1989); *Harmon v. Berry,* 728 F.2d 1407, 1409 (11th Cir. 1984); *White v. Fox*, 470 Fed. Appx. 214, 220 (5th Cir. 2012)(unpublished).  Numerous courts have allowed plaintiffs to survive summary judgment where the plaintiff alleges only *an increased risk* of attack or serious psychological or emotional injury from such risk.  *See, e.g., Benefield*, 241 F.3d at 1271-72 (rejecting the government's argument that a prisoner's claim was subject to dismissal in the absence of physical injury); *Williams v. Thomas*, CIV.A. 12-01323, 2013 WL 1795578, at *6 (E.D. Pa. Apr. 29, 2013) ("district courts in this Third Circuit have found that the mere act of labeling a prisoner a snitch constitutes a substantial risk of harm").

More generally, both the Supreme Court and the Fourth Circuit have indicated that a prisoner can bring an Eighth Amendment claim to challenge harm that is certain or very likely in the future, even if the harm has not yet materialized.  *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition . . . . It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."); *Woodhous v. Com. of Va.*, 487 F.2d 889, 890 (4th Cir. 1973) ("A prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief.").  Based on all of these authorities, the Court concludes that a plaintiff may survive summary judgment by presenting evidence that

he was exposed as a snitch and was attacked without having to conclusively prove, at this stage, that the exposure caused the attacks. Moreover, construing the facts and inferences in favor of the plaintiff, the Court cannot conclude that Hooks was unaware of the risk to the plaintiff because he created it and may very well have intended to create it.

The Court wishes to emphasize that this would be a different case if the plaintiff was not able to provide direct testimony from other prisoners who heard Hooks say that the plaintiff was a snitch. For example, in *Schreane v. Beemon*, 575 Fed. Appx. 486, 492-93 (5th Cir. 2014)(unpublished) *cert. denied,* 135 S. Ct. 762 (2014), the Fifth Circuit upheld a grant of summary judgment for a prison guard accused of labeling an inmate a snitch where the only admissible evidence to support the allegation was the fact that the plaintiff's "assault came soon after his various complaints regarding [the prison official's] conduct and that the person assaulting him mentioned that [he] had been 'talking to the police.'" *Id.* The Fifth Circuit noted that the plaintiff "d[id] not, for instance, assert that he himself heard [the prison official] label him a 'snitch,' nor does he offer any corroboration from other inmates to that effect." *Id.* The case at hand is distinguishable for the reasons discussed above.

As the authorities above make clear, evidence that prison officials exposed a prisoner as a snitch is sufficient to establish a substantial risk of serious harm. Additionally, because the risk attendant in being labeled a snitch is well-understood and readily apparent to corrections officials, facts indicating that an official intentionally exposed an inmate are sufficient to establish deliberate indifference. *See Makdessi v.*

*Fields*, 789 F.3d 126, 136 (4th Cir. 2015) (noting that "the subjective 'actual knowledge' standard required to find deliberate indifference may be proven by circumstantial evidence that a risk was so obvious that it had to have been known."). Because the plaintiff has presented direct evidence that the defendant called him a snitch under circumstances suggesting that the defendant intended to communicate the label to other prisoners, the Court finds that he has sufficiently satisfied the objective and subjective components of the *Farmer* standard.

### Qualified Immunity

"The doctrine of qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Danser v. Stansberry*, 772 F.3d 340, 345 (4th Cir. 2014). "The doctrine protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Smith v. Gilchrist*, 749 F.3d 302, 307 (4th Cir. 2014) (quoting *Stanton v. Sims,* 134 S.Ct. 3, 4 (2013)).

When an official properly asserts the defense of qualified immunity, the official is entitled to summary judgment if either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established, such that it would not have been clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Pearson v. Callahan,* 555 U.S. 223, 231–32 (2009). "Officials are not

9

liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner,* 973 F.2d 295, 298 (4th Cir. 1992). "An official asserting the defense of qualified immunity bears the burden of proof with respect to that defense." *Danser*, 772 F.3d at 345.

The Court finds that Hooks is not entitled to qualified immunity. The Court has already found that the plaintiff has stated a violation of a constitutional right, so the only remaining issue is whether the right to be free from the substantial risk of harm attendant with being exposed as a snitch to other prisoners was clearly established.[3] The Court finds that it was. What has been alleged is not a "bad guess" in a "grey area." Rather, it is a malicious and potentially deadly revelation, the practical and constitutional significance of which would be apparent to any reasonable corrections official. *See Irving*, 519 F.3d at 451 ("We affirm that portion of the district court's order which denied qualified immunity to [the corrections officer] with respect to the death threats and to the labeling of [the prisoner] as a snitch."). Accordingly, the Court finds that Hooks is not entitled to qualified immunity and denies summary judgment on the failure to protect claim.

### Deprivation of Property

The Magistrate Judge recommended that the Court grant summary judgment on the plaintiff's claim regarding the defendant's seizure of his personal property. The plaintiff objects to the recommendation, alleging that the removal of his property was vindictive. The Court agrees with the Magistrate Judge that seizure of the plaintiff's

---

[3] Because the Magistrate Judge found that the plaintiff had not adequately supported his claim of a constitutional violation, he naturally found that the defendant was entitled to qualified immunity.

10

property does not implicate a liberty interest and is not actionable under 42 U.S.C. § 1983.

### Remaining Objections

The plaintiff's remaining objections are immaterial to the outcome of this case and are hereby overruled.  *See* Obj. 7 (complaining about the Magistrate Judge's choice of language); Obj. 8 & 9 (quibbling about specific facts and testimony that do not affect the outcome); Obj. 10 (objecting to the stay under the SCRA without showing any prejudice); Obj. 11 (disagreeing with one of the Court's prior rulings denying him an extension).

### CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court declines to adopt the Magistrate Judge's analysis with regard to the failure to protect claim and qualified immunity.  The Court agrees with the remainder of the Magistrate Judge's findings and adopts and incorporates the portions of the Report that are not inconsistent with the analysis above.  It is therefore ORDERED that the defendant's motion for summary judgment (ECF No. 133) is denied with regard to the Eighth Amendment claim and granted with regard to all other claims.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 29, 2015
Greenville, South Carolina